UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DODIYI J. WILLIAMWEST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-977** |
| **MORGAN BUILDING & SPAS, INC.** | **SECTION "L" (3)** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Dodiyi J. Williamwest ("Williamwest"),[1] filed the captioned matter in this district court regarding contractual damages in the amount of $11,850.00 arising out of the purchase, delivery and set-up of a pre-fabricated structure on church property located in New Orleans, Louisiana. Plaintiff's original petition for damages states that he on behalf of a Louisiana non-profit organization is suing Texas company, Morgan Building & Spas, Inc., regarding the sale and delivery of a movable structure and that there is federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). On February 14, 2007, the undersigned issued a Rule to Show Cause[2] why this case should not be summarily dismissed for lack of subject matter jurisdiction. Plaintiff filed a formal response in the form of an Amended Petition, which purportedly explains the basis of jurisdiction and reiterates that the basis is complete diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Amended Petition [Doc. # 4].

---

[1] Most notably, Williamwest has allegedly filed suit in his capacity as pastor, representative and attorney-in-fact on behalf of the Jesus Savior Living God Church International, *i.e.*, the Louisiana religious corporation which purchased the building at issue.

[2] *See* Rule to Show Cause dated February 14, 2007 [Doc. No. 3].

1

For the following reasons, **IT IS RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction pursuant 28 U.S.C. §1915(e)(2)(B)(ii).

## BACKGROUND

As aforestated, plaintiff's case is grounded in contract and the sum in dispute is $11,850.00. *See* Amended Petition at pp. 9-10 [Doc. #4]. Plaintiff's Amended Petition serves also as his response to this Court's rule to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff has itemized the damages prayed for as follows, to wit: (1) Breach $4,400.00; (2) Protection from nuisance $700.00; (3) Removal of initial debris $100.00; (4) Estimated cost to remove building $3,000.00; and (5) Demurrage and indemnity $3,500.00. Consistent with the foregoing, plaintiff's prayer states: "Wherefore, plaintiff herein prays that defendants be served and compelled to answer, and that there be a judgment in their favor, commanding defendants to pay complainant the sum of eleven thousand and eight hundred fifty ($11,850.00) Dollars, as itemized above, and for all costs of this litigation and annual interest from date of judicial demand until paid." *Id*. at p. 9.

Considering that the plaintiff's claim for damages is in the total amount of $11,850.00, the aforesaid claim fails to meet the requisite jurisdictional minimum ($75,000.00).

## ANALYSIS

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that the case is frivolous, *inter alia*. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim upon which relief may be granted.[3] The plaintiff has failed to make any allegation whatsoever regarding a statutory basis for this Court's exercise of federal subject matter jurisdiction in his case.

The Court permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding pursuant to the provisions of 28 U.S.C. §1915(a). However, summons was not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, the plaintiff's complaint, even as supplemented and amended, fails to meet the requirements of the statute. There exists no absolute right to be allowed to proceed *in forma pauperis* in federal civil matters; instead, it is privilege extended to those unable to pay filing fees *where it is not apparent that the claims do not lack merit on their face*.[4]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[5] No federal question

---

[3] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[4] *See Startii v. United States,* 415 F.2d 115, 1116 (5th Cir. 1969); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

[5] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed.R.Civ.P. 12(h)(3)).

jurisdiction has been asserted by the plaintiff. Instead, the issue previously raised *sua sponte* by the Court is whether this case meets the requirements for federal jurisdiction based upon diversity pursuant to 28 U.S.C. § 1332 (complete diversity of citizenship and *the requisite jurisdictional amount in controversy*). Section 1332 provides in relevant part that district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States.[6] The amount in controversy requirement was increased from $50,000.00 to $75,000.00 and this increase of the jurisdictional amount applies to cases filed on or after January 17, 1997.[7]

In this case, it appears to a legal certainty on the face of the complaint that plaintiff's claim is for an amount *far less* than the jurisdictional prerequisite ($75,000.00), exclusive of interest and costs. Plaintiff's claim for damages presently amounts to no more than $11,850.00.

It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith.[8] This Court has gone a step further and considered the plaintiff's response to the Rule to Show Cause as an amendment to his original complaint. Even as supplemented, the plaintiff's claim fails to meet the jurisdictional minimum; therefore, the Court has determined that it is without subject matter jurisdiction in this case.

Accordingly and for the foregoing reasons,

---

[6]*See* 28 U.S.C. § 1332(a)(1).

[7]*See* Federal Courts Improvement Act of 1996, § 205, Pub.L.No. 104-317, 110 Sat. 3847, 3850 (1996).

[8]*Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

**IT IS RECOMMENDED** that the plaintiff's case is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION and without prejudice to any right the plaintiff may have to file his complaint in state court.

New Orleans, Louisiana, this 2nd day of March, 2007.

                                                                   *Daniel E. Knowles, III*
                                                                   **DANIEL E. KNOWLES, III**
                                                                   **UNITED STATES MAGISTRATE JUDGE**